## RICHARD T. WILLSON vs. BENJAMIN F. SANDS.

### When a Husband may sue in his own name, to enforce a Contract relating to his Wife's property.

Where a married man under a contract to pay him individually, one-half of the expense, erects a divisional fence between the lands of his wife and those of an adjoining proprietor, he is entitled to sue in his own name to recover the amount, notwithstanding he may have acted as the agent of his wife in having the fence erected.

APPEAL from the Circuit Court for Montgomery County.

This was an action of *assumpsit* on the money counts, by the appellee against the appellant. The pleas were *non assumpsit*, payment and set-off.

The defendant offered a prayer to be found sufficiently set out in the opinion of the Court. This prayer was rejected, and the verdict and judgment being for the plaintiff, the defendant appealed.

The cause was submitted on briefs to BARTOL, C. J., STEWART, GRASON, MILLER and ALVEY, J.

*Richard M. Williams,* for the appellant.

The wife of the plaintiff should have been a party to the action, or it should at least have appeared in the pleadings that her separate property was the subject-matter of contract; and consequently the Court below erred in not granting the instruction.

The defendant knew that the lands were those of the plaintiff's wife. The deed for the same had long prior to the action been on record, and was in evidence to the jury. This deed was sufficient evidence that the plaintiff had contracted to put up the division fence as the agent of his wife. It was, at all events, evidence tending to show such agency. The facts of the case show not only ground for the inference by the jury of such agency, but that the plaintiff had contracted

for a *known and disclosed principal. Phila., Wilm. and Balt. R. R. Co. vs. Weaver*, 34 *Md.*, 431.

The plaintiff, as agent, had no such beneficial interest as entitled him to sue in his personal right.

It is a well settled principle, to be extracted from all the authorities on agency, that if a person dealing with another have notice or knowledge of the representative character of the latter, the principal can recover against the person so dealing, notwithstanding he may have paid the agent. 1 *Livermore on Agency*, 215; 2 *Livermore on Agency*, 245; *Huntington vs. Knox*, 7 *Cush.*, 371.

If in an action hereafter by the wife against the defendant for the same claim, she should show that the defendant had such knowledge or notice, or that the plaintiff expressly contracted as her agent, what could preclude her recovery? Further: Had the plaintiff died pending this action, and his personal representative been made party plaintiff, could she not have recovered in another action? The wife must be a party where the action would survive to her. 1 *Chitty's Pl.*, (3d *Ed.*,) 18.

*George Peter* and *James Henderson*, for the appellee.

The only facts upon which the defendant can base his theory of agency are, that the farm on which the fence was built is the property of the plaintiff's wife, and that the materials used in its construction were obtained from said farm. These facts however do not even *tend to show* that the plaintiff made the contract mentioned, in the capacity of an agent.

The defendant's prayer was properly refused, even if it be conceded that in making the contract with the defendant, and in having the fence put up in pursuance of the contract the plaintiff was acting as the agent of his wife. The theory of the defendant's prayer is, that an agent cannot sue in his own name. An agent may sue if the promise be to pay him. 3 *Robinson's Practice*, 25, 27; *Buffum vs. Chadwick*, 8 *Mass.*, 103.

In this case the defendant promised to pay the plaintiff individually. If an agent make a contract in his own name for an undisclosed principal, he may sue in his own name thereon. *Chitty on Contracts,* 252; *Story's Agency, sec.* 161, *n.* 1; *Newcomb vs. Clark,* 1 *Denio,* 227.

Where a contract is in terms with an agent personally, he may sue thereon. *York Co. Bank of Pa. vs. Stein, et al.,* 24 *Md.,* 464; *U. S. Telegraph Co. vs. Gildersleve,* 29 *Md.,* 245.

STEWART, J., delivered the opinion of the Court.

The plaintiff's wife and the defendant were the owners of adjoining lands, and the suit was brought to recover for one-half of the expense of a divisional fence, put up, as plaintiff alleges, under a contract with him, that the defendant would pay him the one-half of the cost thereof.

The defendant insists that the fence was put up by the plaintiff as the agent of his wife, and on land belonging to her, and from materials procured therefrom, and therefore under the contract he cannot maintain the action in his own name for the recovery of the claim.

The defendant submitted the prayer substantially, " that if the jury believed from the evidence the plaintiff had the division fence put up as the agent of his wife, he could not recover." The Circuit Court refused this instruction, and whether there was error in this is the only question.

Assuming the prayer to be unobjectionable in other respects, it is clear that from the hypothesis of facts upon which it is based, the single conclusion sought to be drawn does not necessarily follow.

The mere fact that the plaintiff acted as the agent of his wife in the erection of the fence, would not *per se* prevent his recovery if the contract was made with him individually, or if he had a beneficial interest in the subject-matter thereof.

Although he might have been the agent of his wife, according to the theory of the prayer, yet if the defendant promised to pay him individually, expressly or constructively for the

work, and he had any interest of his own in the contract, his right to maintain the action in his own name cannot be questioned. In other words, if the promise was intended to be made to him individually, although in fact he may have been the agent of his wife, and he performed the contract, his individual right of action cannot be resisted.

The prayer ignored all reference to what may have been the precise contract between the parties, and relied upon the sole fact, without qualification, that if the plaintiff was the agent of his wife in the transaction, he could not recover.

Whenever the husband has an interest in the subject-matter and the control of the property or its possession, although the property may belong to his wife, and the contract in regard thereto is made with him, and the promise is to pay him, there can be no question of his right to recover in his own name, notwithstanding he may have been the agent of his wife. Whilst it is no doubt true, that an ordinary agent, contracting in the name of his principal and not in his own, is not entitled to sue, (1 *Story on Agency*, sec. 391,) yet where, by the general course of business, the agent is authorized to act as the owner, or as a principal contracting party, although he may be known as agent; or where the agent has made a contract, in the subject-matter of which he has a special interest or property, he can maintain an action upon the contract in his own name. *Story on Agency*, sec. 393-397. The wife may be the owner of the property, and the husband in some respects regarded as her agent in connection therewith, yet having the possession and control of her property and an interest in it, and by the usual course of dealing between husband and wife in making contracts in regard to her property, is treated as the principal; or where he is acting as the owner or as the principal contracting party, there is no doubt of his right to enforce the contract in his own name.

We find no error in the refusal of the prayer.

*Judgment affirmed.*

(Decided 15th May, 1872.)